UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER J. SMITH**
    **Plaintiff.**

v.

Case No. : 12-C-0859

Judge Charles N. Clevert, Jr.

**ENCORE CAPITAL GROUP, INC.,**
**MIDLAND FUNDING, LLC,**
**MIDLAND CREDIT MANAGEMENT, INC.**
    **Defendants.**

## SECOND AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d).

2. This action arises out of violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq (FCRA) by Defendants Midland Funding, LLC and Midland Credit Management, Inc.; and violations of the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 et seq. (FDCPA) by all Defendants.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. § 1391b.

### PARTIES

4. Plaintiff, Christopher J. Smith (hereinafter referred to as "Plaintiff"), is a natural person residing in Milwaukee County, and is a consumer as defined by 15 U.S.C. § 1681a(c), and 15 U.S.C. §1692a(3).

5. Defendant Encore Capital Group, Inc. ("Encore") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a for profit corporation organized in Delaware, which has its principal place of business located in San Diego, CA, and maintains Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its registered agent for service of process.

6. Defendant Midland Funding, LLC, ("Midland Funding") is a "debt collector" as defined by 15 U.S.C. §1692a(6), a "furnisher of information" as defined by 15 U.S.C. §1681s-2, and a for-profit limited liability company organized in Delaware that is a wholly owned subsidiary of Encore, and maintains Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its registered agent for service of process.

7. Defendant Midland Credit Management, Inc., ("MCM") is a "debt collector" as defined by 15 U.S.C. §1692a(6), a "user of information" as defined by 15 U.S.C. §1681m, and a for-profit corporation organized in Kansas that is a wholly owned subsidiary of Encore, which has its principal place of business located in San Diego, CA, and maintains Corporation Service Company, 200 S.W. 30th Street, Topeka, KS 66611, as its registered agent for service of process.

## FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5), alleged to be previously owed to CIT BANK and serviced by Dell Financial Services, LLC.

9. Defendants have alleged to Plaintiff that Defendants own a debt that was sold to Defendants for collection from Plaintiff.

10. Encore, Midland Funding, and MCM operate as a debt buying and collection enterprise. Encore is not simply a parent holding company, though it owns 100% of the shares and interests in Midland Funding and MCM. Instead, all three Defendants operate as parts of a single business operation. Encore provides management and decision-making, Midland

Funding exists as an employee-less paper entity that holds title to the enterprise's purchased debt portfolios and MCM operates as the front for contact with the targeted debtor-consumers, calling itself the "servicer" of the Defendants' collection accounts.

11. On its webpage, Encore explains that, "Encore Capitol Group, Inc. ("Encore"), through its subsidiaries (collectively, the "Company"), is a leading provider of debt management and recovery solutions for consumers and property owners across a broad range of assets. We purchase portfolios of defaulted consumer receivables at deep discounts to face value and use a variety of operational channels to maximize our collections from these portfolios. We manage our receivables by partnering with individuals as they repay their obligations and work toward financial recovery." See http://www.encorecapital.com/ last visited August 19, 2012. (Ex. 1).

12. Encore does not operate independent of MCM and Midland Funding. It does not have separate management or separate business and income. Instead, it serves as the name of the Encore family of subsidiaries, all of whom are interrelated and inseparably operated as a single business operation that is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

13. When purchasing charged-off consumer debts, the Defendants make an intentional business decision not to obtain competent evidence as to whether written contracts exist between the original creditors of the debts and the consumers, or if there was other documentation showing when or how the debts were incurred, or anything beyond very rudimentary information which would allow them to calculate the amount of debt owed by a consumer (i.e., name, last known address, telephone number, social security number, amount due, name of original creditor, original account number, and current owner of the debt).

14. The lack of documentation that debt buyers such as the Defendants receive when purchasing charged-off debt is reflected in the price of the debt, sometimes a little as a penny or two on the dollar.

15. Plaintiff's first contact with the Defendants was upon receipt of a letter from MCM dated February 15, 2012. (Ex 2).

16. MCM's letter contains what Plaintiff alleges to be an implied threat to damage Plaintiff's credit worthiness in an attempt to coerce Plaintiff into accepting MCM's offer to settle an alleged debt. "*You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill your credit obligations." (Ex 2).

17. Plaintiff sent MCM a letter disputing the alleged debt by US certified mail on March 6, 2012. (Ex 3).

18. Plaintiff received a second letter from MCM dated and postmarked April 2, 2012. (Ex 4).

19. MCM's April 2, 2012 collection notice contained no signed verification or accounting of the alleged account or copy of any signed contract or agreement.

20. MCM's letter of April 2, 2012 contained, not limited to, the following:

    "requesting an immediate payment in full"

    and

    "CUSTOMER ACCOUNT INFORMATION,"

    which consisted of "Data printed by Midland Credit Management, Inc." (Ex 4).

21. Plaintiff alleges that Defendant MCM did not obtain anything from a bona fide original creditor pursuant to Plaintiff's demand that MCM validate the alleged debt.

22. Midland Funding, as the alleged purchaser of an alleged debt, has been knowingly

reporting inaccurate information to the three major credit reporting agencies, Trans Union, CSC Credit Services/Equifax, and Experian, and in the process damaging Plaintiff since at least March 30, 2012, in an attempt to coerce Plaintiff to pay money to MCM.

    (a) Trans Union, CSC Credit Services/Equifax, and Experian are consumer reporting agencies as defined by the FCRA, 15 U.S.C. §1681a(f).

23. MCM obtained Plaintiff's consumer report from Trans Union on April 8, 2012 and July 11, 2012 without a permissible purpose.

24. Plaintiff disputed the inaccurate information provided by Midland Funding to Trans Union and Experian by US certified mail. (Ex 5).

25. Plaintiff disputed the inaccurate consumer information provided by Midland Funding to Equifax/CSC Credit Services via the internet. (Ex 6).

26. Trans Union, Equifax/CSC Credit Services, and Experian respectively, investigated the inaccurate information provided by Midland Funding, by contacting Midland Funding.

27. Trans Union, Equifax/CSC Credit Services, and Experian communicated to Plaintiff the results of their subsequent contact and investigation, that Midland Funding had verified the account to Trans Union, Equifax/CSC Credit Services, and Experian, respectively, as belonging to the Plaintiff.

28. On July 26, 2012, Plaintiff phoned Encore and asked to speak to corporate counsel in an attempt to settle Plaintiff's claims, but Encore's counsel was heard to say that Plaintiff would need to "file suit".

29. Plaintiff sent a Notice of Pending Lawsuit later that day to Encore by US certified mail. (Ex 7).

30. On August 13, 2012, Plaintiff sent a Notice of Pending Lawsuit to Midland Funding and

MCM by US certified mail. (Ex 7).

31. Midland Funding's dissemination of inaccurate information has caused, and is causing, the following damages: (a) personal expenses related to disputing the allegedly inaccurate information, (b) emotional distress and mental anguish resulting from the distribution of incorrect and disparaging information to parties both known and unknown, and (c) a diminished credit score which may hinder Plaintiff's ability to obtain credit in the future.

32. MCM never disclosed to Plaintiff what type of account that MCM is attempting to collect.

33. Plaintiff alleges that the Defendants did not purchase the alleged debt from a bona fide original creditor of Plaintiff.

## COUNTS 1-2
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY MCM.

34. Paragraphs 1 through 33 are re-alleged as though fully set forth herein.

35. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

36. MCM is a user of information within the meaning of the FCRA, 15 U.S.C. §1681 et seq.

37. MCM willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) MCM willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report from TransUnion on April 8, 2012 and July 11, 2012 without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against MCM for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1681n.

## COUNTS 3-4
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## NEGLIGENT NON-COMPLIANCE BY MCM.

38. Paragraphs 1 through 37 are re-alleged as though fully set forth herein.

39. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

40. MCM is a user of information within the meaning of the FCRA, U.S.C. § 1681 et seq.

41. MCM negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) MCM negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report from Trans Union on April 8, 2012 and July 11, 2012 without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against MCM for actual damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

## COUNTS 5-22

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681s-2(b)
## WILLFUL NON-COMPLIANCE BY MIDLAND FUNDING.

42. Paragraphs 1 through 41 are re-alleged as though fully set forth herein.

43. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

44. Midland Funding is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681 et seq.

45. Midland Funding willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) Midland Funding willfully violated 15 U.S.C. §1681s-2(b) by reporting inaccurate information to Trans Union, Experian, and Equifax/CSC Credit Information Services even after notification that the information was inaccurate, and is, in fact,

inaccurate.

WHEREFORE, Plaintiff demands judgment for damages against Midland Funding for actual or statutory damages, punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

### COUNTS 23-40

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 NEGLIGENT NON-COMPLIANCE BY MIDLAND FUNDING

46. Paragraphs 1 through 45 are realleged as though fully set forth herein.

47. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

48. Midland Funding is a furnisher of information within the meaning of the FCRA, U.S.C. §1681 et seq.

49. Midland Funding negligently violated the FCRA. Midland Funding violations include, but are not limited to, the following:

(a) Midland Funding negligently violated 15 U.S.C. §1681s-2(b) by reporting inaccurate information to Trans Union, Experian, and Equifax/CSC Credit Information Services even after notification that the information was inaccurate, and is, in fact, inaccurate.

WHEREFORE, Plaintiff demands judgment for damages against Midland Funding for actual damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

### COUNTS 41-49

### VIOLATION OF FAIR DEBT COLLLECTIONS PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY ENCORE, MIDLAND FUNDING, AND MCM (HEREINAFTER "DEFENDANTS").

50. Plaintiff repeats and re-alleges each and every allegation contained above.

51. Defendants' aforementioned conduct violated the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692e(12), 1692f, 1692f(1), and 1692g(b).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees, if any, and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: February 11, 2013

*Christopher J. Smith*
Christopher J. Smith
6061 West Leon Terrace
Milwaukee, Wisconsin 53218
christopherjoseph100@yahoo.com
414-312-1519

## VERIFICATION OF SECOND AMENDED COMPLAINT

## AND CERTIFICATION BY PLAINTIFF

Christopher J. Smith, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I believe that all of the facts contained in the above titled civil complaint are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe this civil complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil complaint is not interposed for any improper purpose, such as to harrass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants, named in the complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which is attached to this complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwriting notations.

Dated: February 11, 2013

*Christopher J. Smith*
Christopher J. Smith
6061 West Leon Terrace
Milwaukee, Wisconsin 53218
christopherjoseph100@yahoo.com
414-312-1519