UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER J. SMITH**
  **Plaintiff.**

v.

CASE No. : 12-C-0859

Judge Charles N. Clevert, Jr.

**ENCORE CAPITAL GROUP, INC.,**
**MIDLAND FUNDING, LLC,**
**MIDLAND CREDIT MANAGEMENT, INC.**
  **Defendants.**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Christopher J. Smith ("Plaintiff") responds to Defendants Encore Capital Group, Inc.("Encore"), Midland Funding, LLC("Midland Funding"), and Midland Capital Management, Inc.("MCM")(collectively "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

### INTRODUCTION

Plaintiff, proceeding pro se, brought a forty-seven count First Amended Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Defendants' Motion to Dismiss Plaintiff's First Amended Complaint consists of nothing more than conclusory statements provided by counsel about an alleged debt not in evidence before this court in an effort to excuse those violations.

### PLAINTIFF'S ALLEGATIONS

Plaintiff's First Amended Complaint contains two counts for relief concerning one incident where MCM violated the FCRA, 15 U.S.C.§1681b(f), by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b. Count 1

alleges that MCM willfully failed to comply with 15 U.S.C. §1681b. In the alternative, Count 2 alleges that MCM negligently failed to comply with 15 U.S.C. §1681b. (Fir Am Compl ¶¶ 34-41 ). (Fed R Civ P 8(a)(3)). Counts 3-20 allege willful violations of 15 U.S.C. §1681s-2(b), and in the alternative, counts 21-38 allege negligent violations of 15 U.S.C. §1681s-2(b). (Fir Am Compl ¶¶ 42-49). (Fed R Civ P 8(a)(3)). Counts 39-47 allege violations of the FDCPA, 15 U.S.C. §§ 1692(d), 1692(e), 1692(e)2, 1692(e)8, 1692(e)10, 1692(e)12, 1692(f), 1692(f)1, and 1692g(b) by all Defendants. (Am. Compl. ¶ 51).

Plaintiff alleged that Midland Funding falsely verified a debt alleged to belong to the Plaintiff to several credit bureaus in violation of 15 U.S.C. §1681s-2(b) during May and June of 2012. Plaintiff filed his original complaint on August 23, 2012, and a First Amended Complaint, on September 17, 2012. Although Plaintiff was correct in alleging violations of 15 U.S.C. §1681s-2(b) at those times, Plaintiff was mistaken in alleging Midland Funding had racked up as many as thirty-six counts for willful, or in the alternative, negligent violations of 15 U.S.C. §1681s-2(b). (Fir Am Compl ¶¶ 42-49). (Ex. 6).

Nevertheless, Midland Funding has continued to report inaccurate information on a monthly basis to the three major credit reporting agencies, even after notification that the information was inaccurate, and is, in fact, inaccurate. Plaintiff has filed a Second Amended Complaint mainly to correct that mistake. (Sec Am Compl ¶¶ 42-49). (Fed R Civ P 15(a)(1)(B)).

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint brought under Federal Rule of Civil Procedure 12(b)(6) is now moot. Plaintiff has also included two

2

additional counts for violation of 15 U.S.C.§1681b(f). (Sec Am Compl ¶¶ 34-41). The Plaintiff's allegations that all Defendants violated the FDCPA stem from facts contrary to any conclusory statements provided by counsel for the Defendants. (Smith Aff ¶ 1 & 2).

## ARGUMENT

On a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded allegations in plaintiff's complaint, drawing all reasonable inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). The complaint should give the defendant "`fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true . . . state a claim to relief that is plausible on its face" and raise the possibility of relief above the "speculative level." *Id.* at 555, 570.

"The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b)(6) and 56(c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro,* D.C. Pa. 1964, 229 F. Supp. 647.

### I. Plaintiff's claims under the FDCPA.

Plaintiff alleges that the Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692e(12), 1692f, 1692f(1), and 1692g(b). (Fir Am. Compl. ¶ 51). (Smith Aff ¶ 1 & 2).

### A. Plaintiff's claim under 15 U.S.C. § 1692e.

Plaintiff alleges that Defendants falsely, deceptively, or misleadingly represented to Plaintiff that they purchased a debt owed by Plaintiff. (Ex 2). (Smith Aff ¶ 1 & 2).

3

**15 U.S.C. § 1692e reads:**

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

### B. Plaintiff's claim under 15 U.S.C. § 1692e(2)(A).

Plaintiff alleges that Defendants falsely represented to Plaintiff that they purchased a debt owed by Plaintiff. (Ex 2). (Smith Aff ¶ 1 & 2).

**15 U.S.C. § 1692e(2)(A) reads:**

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

### C. Plaintiff's claim under 15 U.S.C. § 1692e(8).

Plaintiff alleges that Defendants threatened to furnish and did furnish inaccurate information that they should of known was false to several credit reporting agencies. (Ex 2 & 6). (Smith Aff ¶¶ 1 & 2).

**15 U.S.C. § 1692e(8) reads:**

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

### D. Plaintiff's claim under 15 U.S.C. § 1692e(10).

Defendants used false representation or deceptive means to collect or attempt to collect a debt alleged to be owed by the Plaintiff. (Ex 2,4 & 6). (Smith Aff ¶ 1 & 2).

**15 U.S.C. § 1692e(10) reads:**

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

### E. Plaintiff's claim under 15 U.S.C. § 1692e(12).

Plaintiff alleges that Defendants falsely represented to Plaintiff that they purchased a debt owed by Plaintiff. (Ex 2, 4 & 6). (Smith Aff ¶ 1 & 2).

**15 U.S.C. § 1692e(12) reads:**

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

### F. Plaintiff's claim under 15 U.S.C. § 1692f.

Plaintiff alleges that Plaintiff is not in receipt of any document that verifies an agreement with Defendants. (Ex 2, 4 & 6). (Smith Aff ¶ 1 & 2).

**15 U.S.C. § 1692f reads:**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

### G. Plaintiff's claim under 15 U.S.C. § 1692f(1).

Plaintiff is not in receipt of any document that verifies an agreement with Defendants. (Ex 2, 4). (Smith Aff ¶ 1 & 2).

**15 U.S.C. § 1692f(1) reads:**

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

### H. Plaintiff's claim under 15 U.S.C. § 1692g(b).

Plaintiff alleges that Defendants violated 15 U.S.C. § 1692g(b) by failing to cease collection of the alleged debt after receiving Plaintiff's written notification, within the thirty-day debt validation period, that Plaintiff was disputing the alleged debt. (Fir Am Compl ¶¶ 17-22). (Ex 4) (Smith Aff ¶ 1 & 2). In addition, Midland Funding reported the

alleged debt to several credit reporting agencies before mailing *"verification"* of the alleged debt to *"consumer"*. (Ex 6).

**15 U.S.C. § 1692g(b) reads:**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.*

## II. Plaintiff's claims under the FCRA.

Defendants counsel makes numerous conclusory statements about a debt not before this court. For example, "Thus, where Plaintiff concedes that Defendants were collecting his debt (*See* Am. Compl., Exs. 2, 4), the contention that they impermissibly obtained a copy of his credit report is misplaced." (Def Mot to Dis Pl Am Compl ¶ II. A.). Exhibits 2 & 4 are letters from the Defendants to Plaintiff and are only proof of the Defendants violations. Plaintiff has consistently and repeatedly referred to an "alleged debt" to this court and to Defendants and their counsel over the phone. (Am Compl-all). (Smith Aff ¶¶ 1 & 2).

### A. Allegations that Defendants obtained Plaintiff's consumer report without a permissible purpose.

The FCRA, 15 U.S.C. § 1561b(a)(3)(A), expressly states that a consumer report may be furnished "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer...".

Plaintiff alleged that MCM obtained his consumer report without a permissible

purpose. (Fir Am Compl ¶¶ 34-41 ). (Smith Aff ¶¶ 1 & 2).

**15 U.S.C. § 1692b(f) reads:**

(f) Certain use or obtaining of information prohibited

A person shall not use or obtain a consumer report for any purpose unless—

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

> **B. Plaintiff's allegations that Defendants' have violated the FCRA by verifying inaccurate information to several credit reporting agencies.**

Plaintiff alleged that Midland Funding falsely verified a debt alleged to belong to the Plaintiff to several credit bureaus in violation of 15 U.S.C. §1681s-2(b). (Fir Am Compl ¶¶ 42-49). (Ex. 6). (Smith Aff ¶¶ 1 & 2). Midland Funding has continued to report inaccurate information on a monthly basis to the three major credit reporting agencies, even after notification that the information was inaccurate, and is, in fact, inaccurate.

**15 U.S.C. § 1681s-2(b) reads:**

Duties of furnishers of information upon notice of dispute

(1) In general

After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those

7

results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

## CONCLUSION

Wherefore, the court should determine that DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT is moot or denied and order the Defendants to answer the Second Amended Complaint. On the other hand, if the court determines that Plaintiff's FIRST AMENDED COMPLAINT AND/OR SECOND AMENDED COMPLAINT has failed to state a claim for which relief can be granted, the court should grant the pro se Plaintiff leave to amend to correct any identified deficiencies.

Dated: February 11, 2013

*Christopher J. Smith*
Christopher J. Smith
6061 West Leon Terrace
Milwaukee, Wisconsin 53218
christopherjoseph100@yahoo.com
414-312-1519