IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Christopher J. Smith, ) | |
| ) | |
| Plaintiff, ) | Case No.  12 cv 00859-CNC |
| v.  ) | |
| ) | Judge Charles N. Clevert, Jr. |
| Encore Capital Group, Inc., ) | |
| Midland Funding, LLC, ) | |
| Midland Credit Management, Inc. ) | |
| ) | |
| Defendant. ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC ("Midland Funding"), and Midland Credit Management, Inc. ("MCM") (collectively "Defendants"), by their attorneys, Anna-Katrina S. Christakis and Raechelle Delarmente Norman (Grady Pilgrim Christakis Bell LLP, *of counsel*), move to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

In Response to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiff filed a Second Amended Complaint without leave of court that purportedly moots Defendants' previous motion.  In truth, Plaintiff's Second Amended Complaint is almost identical to the previous iteration of his claims, and consequently, suffers from the same pleading defects.  Like before, Plaintiff brings a five-count[1] Second Amended Complaint against Defendants alleging various violations of the Fair Debt Collection Practices Act , 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").  Though Plaintiff fails to expressly state exactly what his dispute is regarding

---

[1] Plaintiff's Second Amended complaint erroneously identifies forty-nine purported "counts."

MCM's collection of the account at issue, or what is inaccurate about the reporting of that account, it appears his complaint is predicated on Defendants' purported failure to verify Plaintiff's debt. Specifically, Plaintiff alleges that "MCM's April 2, 2012, collection notice contained no signed verification or accounting of the alleged account or copy of any signed contract agreement" (2d Am. Compl. ¶ 19), and that "Defendant MCM did not obtain anything from a bona fide original creditor pursuant to Plaintiff's demand that MCM validate the debt" (2d Am. Compl. ¶ 21). To the contrary, Exhibit 4 to Plaintiff's Amended Complaint contains a valid response to Plaintiff's request for verification. (*See* 2d Am. Compl., Ex. 4.) As Plaintiff's material allegations are contradicted by an attachment that he included with his complaint, this action should be dismissed in its entirety.

## **PLAINTIFF'S ALLEGATIONS**

Though labeled "factual allegations" Plaintiff's second amended complaint contains very few "facts" at all and is comprised mostly of unsupported legal conclusions. Along those lines, Plaintiff alleges:

- "Defendants have alleged that Plaintiff incurred an obligation to pay money […] alleged to be previously owed to CIT BANK and serviced by Dell Financial Services, LLC" and that "Defendants have alleged to Plaintiff that Defendants own a debt that was sold to Defendants for collection from Plaintiff." (2d Am. Compl. ¶¶ 8-9.)

- Plaintiff's first contact with Defendants "was upon receipt of a letter from MCM dated February 15, 2012." (2d Am. Compl. ¶ 15.)

- "Plaintiff sent MCM a letter disputing the alleged debt by US certified mail on March 6, 2012."[2] (2d Am. Compl. ¶ 17.)

- Plaintiff received a second letter from MCM dated and postmarked April 2, 2012, that "collection notice contained no signed verification or accounting of the alleged account or copy of any signed contract or agreement." (2d Am. Compl. ¶¶ 18-19.)

---

[2] Conspicuously absent is a copy of the dispute letter itself—Plaintiff merely attaches a copy of the certified mail receipt enclosing his letter.

2

- "MCM did not obtain anything from a bona fide original creditor pursuant to Plaintiff's demand that MCM validate the debt." (2d Am. Compl. ¶ 21.)

However, Exhibit 4 to Plaintiff's Second Amended Complaint (the verification Plaintiff claims he never received) fatally undermines those allegations. (*See* 2d Am. Compl., Ex. 4.) And notably, notwithstanding Plaintiff's insinuations, he never expressly contends that the account was not his or that he articulated the nature of his dispute to either MCM or the credit reporting agencies.

## ARGUMENT

"It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010)(emphases in original). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* It requires allegations that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

A plaintiff also pleads himself out of court "by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Matter of Wade*, 969 F.2d 241, 249

3

(7th Cir. 1992). Under these standards and for the reasons set forth below, Plaintiff's Second Amended Complaint fails to state any claim.

I. **Plaintiff has not stated a claim under the FDCPA where Defendants provided Plaintiff a valid verification of his debt.**

Count V (erroneously labeled Counts 41-49) of Plaintiff's Second Amended Complaint alleges purported violations of the FDPCA. Though Plaintiff identifies several sections of the FDCPA that he relies upon, the only factual allegations he includes which could even be construed to support a claim under the FDCPA is Defendants purported failure to verify his debt. In that regard he alleges, "MCM's April 2, 2012, collection notice contained no signed verification or accounting of the alleged account or copy of any signed contract agreement (2d Am. Compl. ¶ 19), and that "Defendant MCM did not obtain anything from a bona fide original creditor pursuant to Plaintiff's demand that MCM validate the debt" (2d Am. Compl. ¶ 21). However, Midland's duty to verify Plaintiff's debt "involves nothing more than the debt collector confirming in writing the amount being demanded is what the creditor is claiming is owed." *Chaudry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). Moreover, it is well-settled that "when a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations.*" *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998) (emphasis added).

Thus, here, where Plaintiff was advised that his debt originated with CIT Bank, related to Dell Financial Services, LLC charges and was provided an itemized accounting of those charges, MCM properly discharged its duties under the FDCPA. *See i.e., Clark v. Capital Credit Collection Services, Inc.*, 460 F.3d 1162, 1173-74 (9th Cir. 2005) (debt collector properly verified alleged debt where undisputed facts demonstrated that debt

4

collector obtained information about the nature and balance of the bill and provided plaintiffs with itemized statement).  Accordingly, Plaintiff has not stated any claim under the FDCPA, and Count V should be dismissed with prejudice.

## II. Plaintiff has not sufficiently alleged any violation of the FCRA.

Similarly, Plaintiff's remaining counts[3] vaguely alleging violations of the FCRA also fail.  In the absence of any factual content whatsoever, Plaintiff relies solely upon conclusory assertions that Defendants amorphously violated the FCRA.  Notably, he fails to specifically state the basis for his dispute under the FCRA, and therefore has not afforded Defendants "fair notice of what the … claim is and the grounds upon which it rests" as required under the Federal Rules of Civil Procedure.  *Twombly*, 550 U.S. at 555, *see also* Fed. R. Civ. P. 8(a).  Accordingly, his FCRA claims must also be dismissed.

### A. No allegations that Defendants obtained Plaintiff's credit report without a permissible purpose.

Curiously, Counts 1 and 2[4], purport to state a claim under 15 U.S.C. § 1681b(f) for "obtaining Plaintiff's consumer report without a permissible purpose."  (2d Am. Compl. ¶¶ 37, 41.)  Defendants had previously moved to dismiss this count because, among other reasons, Plaintiff failed to provide any factual elaboration to support these claims.  In an effort to remedy that defect, Plaintiff has now alleged that MCM obtained his consumer report from Transunion on April 8, 2012, and July 11, 2012, without a permissible purpose. (*Id.*) Yet, this additional information (that are legal conclusions, in any event) still fail to save his claim.  Indeed,  the FCRA expressly states that a consumer report may be furnished "in connection with a credit transaction involving the consumer on whom the information

---

[3] Counts 1-4 (erroneously labeled Counts 1-40).
[4] Labeled by Plaintiff as Counts 1-4.

5

is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer…" 15 U.S.C. § 1561b(a)(3)(A); *see also Allen v. Kirkland & Ellis*, 1992 WL 206285, at *2 (N.D. Ill. Aug. 17, 1992) ("collection of an account is a permissible purpose for requesting a credit report.")  Thus, where it is apparent throughout Plaintiff's Second Amended Complaint and exhibits attached thereto that Defendants were collecting his debt (*See* 2d Am. Compl., Exs. 2, 4), the contention that they impermissibly obtained a copy of his credit report is misplaced.

### B. Defendants' have not violated the FCRA by reporting any inaccurate information.

Plaintiff's remaining FCRA counts (Counts 3 and 4, erroneously labeled 5-40) premised upon "reporting inaccurate information to Trans Union, Experian, and Equifax" (2d Am. Compl. ¶¶ 45, 49) also fail.  As an initial matter, Plaintiff cannot maintain a private right of action against Defendants for reporting inaccurate information.  *See* 15 U.S.C. § 1681s-2(a).  And even if this Court were to cast Plaintiff's claims as a failure to conduct a reasonable investigation into his disputes under § 1681s-2(b), Plaintiff's claims still fail as he does not even state the "inaccurate information" that was reported and would have had to have been investigated which purportedly form the basis of his FCRA claims.  For this reason alone, Plaintiff's allegations are insufficient to state a claim under the FCRA.  *See Concentra Health Servs. Inc.*, 496 F.3d at 776-77 (factual allegations in complaint "must be enough to raise a right to relief above a speculative level."); *see also Fleischmann v. Care Credit*, No. CV 12-08032 DDP, 2012 WL 6082893, at  *2 (C.D. Cal. Dec. 6. 2012) (motion to dismiss FCRA claim granted where allegations were "fatally vague" and failed to specify how Defendants' conduct violated cited provisions of the FCRA.)  To the extent that his complaint stems from his misguided theory that Defendants did not properly verify his

6

debt, this theory fails for the same reasons mentioned above and these FCRA counts should be dismissed for this reason as well.

**CONCLUSION**

WHEREFORE, Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. request that this Court enter an order dismissing Plaintiff's Second Amended Complaint and any other relief the Court deems just and appropriate.

                                                              Respectfully submitted,

                                                              ENCORE CAPITAL GROUP INC.
                                                              MIDLAND FUNDING LLC
                                                              MIDLAND CREDIT MANAGEMENT INC.

                                                   By:  <u>/s Raechelle Delarmente Norman</u>
                                                              One of their Attorneys

Anna-Katrina S. Christakis
Raechelle Delarmente Norman
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Ph. (312) 939-0953
Fax (312) 939-0983

**CERTIFICATE OF SERVICE**

      Raechelle Delarmente Norman, an attorney, certifies that on February 25, 2013, she served a copy of the **Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint**, via First Class Mail, proper postage prepaid, on the individual listed below, by depositing it in the U.S. mail at 53 West Jackson Boulevard, Chicago, Illinois, 60604.

Christopher J. Smith
6061 W. Leon Terrace
Milwaukee, Wisconsin 53218

                                                       /s/ Raechelle Delarmente Norman