UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

US DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2013 MAR 11 P 1: 24

**CHRISTOPHER J. SMITH**
**Plaintiff.**

CASE No.: 12-C-0859 IPPO
CLERK

v.

Judge Charles N. Clevert, Jr.

**ENCORE CAPITAL GROUP, INC.,**
**MIDLAND FUNDING, LLC,**
**MIDLAND CREDIT MANAGEMENT, INC.**
**Defendants.**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff Christopher J. Smith ("Plaintiff") responds to Defendants Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC ("Midland Funding"), and Midland Capital Management, Inc. ("MCM") (collectively "Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

Plaintiff, proceeding pro se, brought a forty-nine count Second Amended Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by all Defendants, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") by Midland Funding and MCM. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint consists of nothing more than conclusory statements by Defendants counsel about an alleged debt not in evidence before this court in an effort to excuse those violations. The sheer number of cases of this nature filed against the Defendants for this same behavior in just the last two or three years alone would indicate they have chosen to violate the law as a cost of doing business rather than adopt meaningful procedures to avoid these types of cases.

## PLAINTIFF'S ALLEGATIONS

The Plaintiff's allegations that the Defendants violated the FCRA and FDCPA stem from facts contrary to the numerous conclusory statements provided by counsel for the Defendants. MCM and Midland Funding made false and misleading representations concerning a non-existent debt to the Plaintiff and several credit reporting bureaus damaging the Plaintiff in the process. (Ex 4 & 6). (Smith Aff ¶ 1 & 2). Midland Funding continues to report inaccurate information on a monthly basis to the three major credit reporting agencies, even after notification that the information was inaccurate, and is, in fact, inaccurate. (Ex 6). (Smith Aff ¶¶ 1 & 2).

Plaintiff's Second Amended Complaint contains four counts for relief concerning two incidents where MCM violated the FCRA, 15 U.S.C.§1681b(f), by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b. Count 1 and 2 allege that MCM willfully failed to comply with 15 U.S.C. §1681b. In the alternative, Count 3 and 4 allege that MCM negligently failed to comply with 15 U.S.C. §1681b. (Fed R Civ P 8(a)(3)). (Sec Am Compl ¶¶ 34-41). Counts 5-22 allege willful violations of 15 U.S.C. §1681s-2(b), and in the alternative, counts 23-40 allege negligent violations of 15 U.S.C. §1681s-2(b). (Sec Am Compl ¶¶ 42-49). (Fed R Civ P 8(a)(3)). Counts 41-49 allege violations of the FDCPA, 15 U.S.C. §§ 1692(d), 1692(e), 1692(e)2, 1692(e)8, 1692(e)10, 1692(e)12, 1692(f), 1692(f)1, and 1692g(b) by all Defendants. (Sec Am Compl. ¶ 51).

## ARGUMENT

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(e) requires that "Pleadings must be construed so as to do justice."

2

Specific facts are not necessary; the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra,* at 1964, 1965, 127 S.Ct. 1955 (slip op., at 8-9) (citing *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

"The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed *pro se* is 'to be liberally construed,' *Estelle,* 429 U.S., at 106, 97 S.Ct. 285, and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' *ibid.* (internal quotation marks omitted)."*Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007) (per curiam).

"The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b)(6) and 56(c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro,* D.C. Pa. 1964, 229 F. Supp. 647.

I.   **Plaintiff's claims under the FDCPA.**

Defendants misguided citation of *Chaudry v. Gallerizzo,* 174 F.3d, 406 (4th Cir. 1999 is not a persuasive authority and is a misdirection intended to deceive this court. (Def Mot to Dis Pl Sec Am Compl ¶ I). Midland Funding reported the alleged debt to several credit reporting

3

agencies before mailing *"verification"* of the alleged debt to *"consumer"*. (Ex 6). Regardless, Gallerizzo telephoned Special Assets to verify the amount claimed to be owed, *Chaudry v. Gallerizzo*, 174 F.3d, 400, 406 (4th Cir. 1999); Defendants obtained verification of a non-existent debt from data printed by MCM, therefore Plaintiff included in his factual allegations that "MCM did not obtain anything from a bona fide original creditor pursuant to Plaintiff's demand that MCM validate the debt." (2d Am. Compl. ¶¶ 20-21). Unless the documentation the Defendants provided has clearly originated with the original creditor, they haven't complied with their own standard. "An FDCPA claim 'has nothing to do with whether the underlying debt is valid. An FDCPA claim concerns the method of collecting the debt. It does not arise out of the transaction creating the debt[.]'" *Spears v. Brennan*, 745 N.E.2d 862 (Ind. Ct. App. 2001), quoting *Azar v. Hayter,* 874 F.Supp. 1314, 1318 (N.D.Fla.1995). ).

Plaintiff alleges that the Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692e(12), 1692f, 1692f(1), and 1692g(b). (Sec Am Compl. ¶ 51). (Smith Aff ¶ 1 & 2).

### A. Plaintiff's claim under 15 U.S.C. § 1692e.

Plaintiff alleges that Defendants falsely, deceptively, or misleadingly represented to Plaintiff that they purchased a debt owed by Plaintiff. (Ex 2). (Smith Aff ¶ 1 & 2).

**15 U.S.C. § 1692e reads:**

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

### B. Plaintiff's claim under 15 U.S.C. § 1692e(2)(A).

Plaintiff alleges that Defendants falsely represented to Plaintiff that they purchased a debt owed

4

by Plaintiff. (Ex 2). (Smith Aff ¶¶ 1 & 2).

**15 U.S.C. § 1692e(2)(A) reads:**

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

### C. Plaintiff's claim under 15 U.S.C. § 1692e(8).

Plaintiff alleges that Defendants threatened to furnish and did furnish inaccurate information that they should of known was false to several credit reporting agencies. (Ex 2 & 6). (Smith Aff ¶¶ 1 & 2).

**15 U.S.C. § 1692e(8) reads:**

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

### D. Plaintiff's claim under 15 U.S.C. § 1692e(10).

Defendants used false representation or deceptive means to collect or attempt to collect a debt alleged to be owed by the Plaintiff. (Ex 2, 4 & 6). (Smith Aff ¶¶ 1 & 2).

**15 U.S.C. § 1692e(10) reads:**

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

### E. Plaintiff's claim under 15 U.S.C. § 1692e(12).

Plaintiff alleges that Defendants falsely represented to Plaintiff that they purchased a debt owed by Plaintiff. (Ex 2, 4 & 6). (Smith Aff ¶¶ 1 & 2).

**15 U.S.C. § 1692e(12) reads:**

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

### F. Plaintiff's claim under 15 U.S.C. § 1692f.

Plaintiff is not in receipt of any document that verifies an agreement with Defendants. (Ex 2, 4 & 6). (Smith Aff ¶¶ 1 & 2).

**15 U.S.C. § 1692f reads:**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

### G. Plaintiff's claim under 15 U.S.C. § 1692f(1).

Plaintiff is not in receipt of any document that verifies an agreement with Defendants. (Ex 2, 4). (Smith Aff ¶¶ 1 & 2).

**15 U.S.C. § 1692f(1) reads:**

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

### H. Plaintiff's claim under 15 U.S.C. § 1692g(b).

Plaintiff alleges that Defendants violated 15 U.S.C. § 1692g(b) by failing to cease collection of the alleged debt after receiving Plaintiff's written notification, within the thirty-day debt validation period, that Plaintiff was disputing the alleged debt. (Fir Am Compl ¶¶ 17-22). (Ex 4) (Smith Aff ¶ 1 & 2). Midland Funding reported the alleged debt to several credit reporting agencies before mailing *"verification"* of the alleged debt to *"consumer"*. (Ex 6).

**15 U.S.C. § 1692g(b) reads:**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is*

6

*mailed to the consumer by the debt collector.*

## II. Plaintiff's claims under the FCRA.

Defendants counsel makes numerous conclusory statements about a debt not in evidence before this court. For example, "Thus, where it is apparent throughout Plaintiff's Second Amended Complaint and exhibits attached thereto that Defendants were collecting **his debt** (*See* 2d Am. Compl., Exs. 2, 4), the contention that they impermissibly obtained a copy of his credit report is misplaced." (Def Mot to Dis Pl Sec Am Compl ¶ I. A.). (emphasis added). Exhibits 2 & 4 are letters from the Defendants to Plaintiff and only serve as proof of the Defendants violations. Plaintiff has consistently and repeatedly referred to an "alleged debt" to this court and to the Defendants and their counsel over the telephone. (Am Compl-all). (Smith Aff ¶¶ 1 & 2).

### A. Allegations that Defendants obtained Plaintiff's consumer report without a permissible purpose.

The FCRA, 15 U.S.C. § 1681b(a)(3)(A), expressly states that a consumer report may be furnished "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer...".

Plaintiff alleges that MCM obtained his consumer report without a permissible purpose. (Sec Am Compl ¶¶ 34-41 ). (Smith Aff ¶¶ 1 & 2).

**15 U.S.C. § 1681b(f) reads:**

(f) Certain use or obtaining of information prohibited

A person shall not use or obtain a consumer report for any purpose unless—

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

### B. Plaintiff's allegations that Defendants' have violated the FCRA by verifying inaccurate information to several credit reporting agencies.

7

Plaintiff alleges that Midland Funding falsely verified a disputed debt alleged to belong to the Plaintiff to several credit bureaus in violation of 15 U.S.C. §1681s-2(b). (Fir Am Compl ¶¶ 42-49). (Ex. 6). (Smith Aff ¶¶ 1 & 2). Midland Funding has continued to report inaccurate information on a monthly basis to the three major credit reporting agencies, even after notification that the information was inaccurate, and is, in fact, inaccurate.

**15 U.S.C. § 1681s-2(b) reads:**

Duties of furnishers of information upon notice of dispute

(1) In general

After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

8

(iii) permanently block the reporting of that item of information.

## CONCLUSION

Plaintiff has sufficiently pleaded notice of multiple causes of action and Defendants should be exposed to the rigors of discovery and proper adjudication of the matter rather then justice being short circuited by a quick dismissal, even if some of them are found to be insufficient. Wherefore, this Court should deny DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT and order the Defendants to answer the SECOND AMENDED COMPLAINT. On the other hand, if this Court determines that Plaintiff's SECOND AMENDED COMPLAINT or FIRST AMENDED COMPLAINT has failed to state a claim for which relief can be granted, this Court should grant the pro se Plaintiff leave to amend to correct any identified deficiencies.

Dated: March 11, 2013

*Christopher J. Smith*
Christopher J. Smith
6061 West Leon Terrace
Milwaukee, Wisconsin 53218
christopherjoseph100@yahoo.com
414-312-1519

## AFFIDAVIT OF MAILING/CERTIFICATE OF SERVICE

STATE OF WISCONSIN )
                          ) SS.
MILWAUKEE COUNTY)

     I, Christopher J. Smith, certify that on March 11, 2013, I served a copy of the following documents; **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT via U.S. First Class Mail, proper postage prepaid, upon the following:**

Anna-Katrina S. Christakis
Raechelle Delarmente Norman
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604

Dated: March 11, 2013            *Christopher J. Smith*
                                       Christopher J. Smith
                                         6061 West Leon Terrace
                                         Milwaukee, Wisconsin 53218
                                         christopherjoseph100@yahoo.com
                                         414-312-1519