**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| Christopher J. Smith, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   12 cv 00859-CNC |
| v. | ) | |
| | ) | Judge Charles N. Clevert, Jr. |
| Encore Capital Group, Inc., | ) | |
| Midland Funding, LLC, | ) | |
| Midland Credit Management, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC ("Midland

Funding"), and Midland Credit Management, Inc. ("MCM") (collectively "Defendants"), by

their attorneys, Anna-Katrina S. Christakis and Raechelle Delarmente Norman (Pilgrim

Christakis LLP, *of counsel*), submit this reply in support of their Motion to Dismiss Plaintiff's

Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

Plaintiff's complaint (for the second time) fails to state any cause of action.  In an

effort to save his case, Plaintiff tries to expand upon the allegations made in his Second

Amended Complaint ("Complaint") by arguing in his Response—though never expressly

alleged in his pleading—that the account at issue is "non-existent" or, in other words, not

his.  (Resp. 2.)  Critically, however, his complaint is missing this allegation and missing any

further allegations that Defendants or the credit reporting agencies were ever notified of

the nature of his dispute.

In any event, the only factual allegations supportive of and the apparent basis for all

of his FDCPA claims is his erroneous contention that MCM failed to verify his debt.  This

contention is plainly defeated by Exhibit 4 to his Complaint.  And similarly, his contention

his credit report was accessed without a permissible purpose is likewise unavailing in the

face of his allegations that Defendants were "debt collectors" and evidence that they were

seeking to collect on a debt (thereby falling squarely within the "permissible purpose"

exception provided by the FCRA).   Clearly then, Plaintiff has not alleged any conduct to

trigger liability under the FDCPA or the FCRA, and accordingly, Plaintiff's Complaint should

be dismissed in its entirety.

## ARGUMENT

"Although civil litigants who represent themselves ("pro se") benefit from various

procedural protections not otherwise afforded to the ordinary attorney-represented

litigant [...] pro se litigants are not entitled to a general dispensation from the rules of

procedure" *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).  Indeed, "even a prose litigant

must state a claim to withstand dismissal under Fed. R. Civ. Pro. 12(b)(6)." *Ali v. Callaghan*,

No. 08 C 5895, 2009 WL 2713288, at *1 (N.D. Ill. Aug. 25, 2009).  And "[e]ven under the

notice pleading of the Federal Rules of Civil Procedure and the liberal interpretation given

to pro se pleadings, a complaint must include allegations respecting all material elements

of all claims asserted; bare legal conclusions attached to narrated facts will not suffice."

*Howard v. DeBruyn*, No. 3:95-cv-4RP, 1995 WL 803824, at *1 (N.D. Ind. Dec. 21, 1995).

Applying those standards here, and even affording Plaintiff's pro se allegations appropriate

leniency, Plaintiff's Second Amended Complaint still fails to state any cause of action, and

should be dismissed.

2

## I.      Plaintiff received an FDCPA compliant verification of his debt.

As discussed in Defendants' Motion, Plaintiff's Complaint contains very few factual allegations to support his FDCPA claim.  It appeared that the entire basis of FDCPA liability stemmed from Plaintiff's faulty assertion that he was not provided a proper verification under the FDCPA.   In that regard, Plaintiff relies upon his sole allegation that "MCM did not obtain anything from a bona fide original creditor pursuant to Plaintiff's demand that MCM validate the debt."  (Resp. at 4.)  Such allegation is unavailing.

Plaintiff necessarily challenges the veracity of CPS's verification because he cannot contend that the verification was otherwise improper where Exhibit 4 to Plaintiff's complaint clearly satisfies the FDCPA.  He apparently disregards Exhibit 4 by erroneously arguing that "[u]nless the documentation the Defendants provided has clearly originated with the original creditor, they haven't complied with their own standard." (Resp. 4.) Essentially, Plaintiff is attempting to hold Defendants to a level of proof that is not required under the FDCPA.  However, and as mentioned in Defendants' Motion,  the duty to verify a debt "involves nothing more than the debt collector confirming in writing the amount being demand is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt .... There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt" *Chaudry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999).

For example, in *Duensing v. Citibank*, 2012 WL 3108878 (N.D. Ind. July 31, 2012), the court rejected plaintiff's FDCPA claim where the consumer demanded particularized "proof" that she owed the amount being demanded. Specifically, she requested that the Defendants produce "a sworn statement, signed before notary public, under penalty of

3

perjury by a person having ... firsthand knowledge of the indebtedness, and ... can state that

the reported indebtedness was a legal indebtedness under all applicable state and federal

laws and ... was not subsequently disputed as a result of returned, faulty, or recalled

consumer products, and ... can swear that this purported debt is not now, nor ever has

been, part of any tax write off, securitization or insurance claim."   The Court agreed with

the defendants that plaintiff's demand for proof was more than the FDCPA required under

1692g, and cited *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir.1999) (cited above);

*Recker v. Cent. Collection Bureau*, 2005 WL 2654222, at *2 (S.D.Ind. Oct.17, 2005) (finding

verification sufficient where it "informed the plaintiff of the debt amount, the services

provided, and the dates the debts were incurred"); *Zaborac v. Mut. Hosp. Serv., Inc.*, 2004

WL 2538643, at *3 (S.D.Ind. Oct.7, 2004) (stating that the FDCPA's verification requirement

is satisfied by a "written confirmation that [the debt collector] was demanding what the

creditor claimed was owed").

Likewise here, Exhibit 4 to Plaintiff's Complaint clearly shows that MCM satisfied its

duty under the FDCPA where it "confirm[ed] in writing the amount being demand is what

the creditor is claiming is owed" by the original creditor.  What's more, the verification

provided to Plaintiff even attached "from electronic records created, maintained, and

provided by Dell Financial Services, L.L.C." an itemized statement of all of the charges

sought—specific information, as discussed above, not even required to be tendered under

FDCPA.

As for Plaintiff's remaining arguments within his Response, Plaintiff does nothing

more than make conclusory assertions of FDCPA liability premised upon his contention

that he did not own the account in question—a fact that was never specifically alleged in

his Complaint. As such, his undeveloped arguments based upon an unalleged fact should be completely disregarded. *See Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328 (7th Cir. 2012) ("[i]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss…").

## II. Plaintiff's FCRA claims are also deficient.

Plaintiff's FCRA claims should also be dismissed. On the one hand, Plaintiff essentially "pleads himself out of court" related to his contention that his credit report was inappropriately accessed where his allegations coupled with the exhibits to his complaint show otherwise. And on the other hand, Plaintiff's other FCRA claims fail because they are fatally vague—namely, Plaintiff fails to allege what the nature of his dispute was purportedly communicated to both the CRAs and to Defendants.

### A. MCM had a "permissible purpose" to access Plaintiff's credit report.

Plaintiff's Response argues his misplaced contention that MCM accessed his credit report without a permissible purpose. Again, such argument is defeated by his allegations and in view of the attachments to his Complaint. The case of *Trinh v. Weltman, Weinberg & Reis Co., L.PA.*, Case No. 12 cv 379, 2012 WL 5824799, * 3 (N.D. Ind. Nov. 14, 2012), is analogous to Plaintiff's claim here. In *Trinh*, plaintiff alleged that defendant violated the FCRA by assessing his credit report without a permissible purpose, however, the court held "[w]here, as here, a debt collector (Weltman), obtains a consumer credit report for the purposes of collecting on an account, the utilization of the consumer credit report falls under a permissible purposes use, which is authorized under the FCRA. A debt collector cannot be subject to liability under the FCRA on this basis alone." Thus, the court granted defendants motion to dismiss where plaintiff's attachments made clear that defendants

5

were debt collectors attempting to collect on a debt at the time it accessed plaintiff's credit report. *Id.*

Similarly here, Plaintiff's allegations and exhibits to his complaint show that MCM's alleged access of Plaintiff's report would also qualify as a "permissible purpose." To begin, Plaintiff alleges that MCM is a "debt collector" as defined by the FDCPA. (2d Am. Compl. ¶ 7.) Moreover, his complaint makes clear that MCM was attempting to collect a debt from him since February 2012. (2d. Am. Compl. ¶ 15.) Thus, at the time MCM allegedly accessed Plaintiff's credit report—on April 8, 2012, and July 11, 2012—like the debtor in *Trinh*, it was obtaining Plaintiff's report for the permissible purpose of collecting on an account. Accordingly, Plaintiff's FCRA counts 1 and 2 fail and should be dismissed. *See also First National Collection Bureau*, No. 12-cv-00288-AWI-SKO, 2012 WL 1413970, at *3-4 (Apr. 23, 2012) (holding that plaintiff's bare allegation that he "never at any time had any business dealing or accounts with the Defendant' failed to establish that defendant's (an alleged debt collector) access of plaintiff credit report was improper); *see also Tonini v. Mandarich Law Group LLP*, No. 12cv637 WQH (WMC), 2012 WL 2726761, at *4 (S.D. Cal. July 9, 2012)(granting motion to dismiss FCRA claim where plaintiff's vague and conclusory allegations that he never had any business dealings or accounts with defendant failed to set forth sufficient facts to show that defendants' actions were not permissible under the FCRA).

### B. Plaintiff has not alleged the nature of his dispute with the CRAs, and therefore, cannot sustain a claim under the FCRA.

Plaintiff's remaining arguments regarding Defendants' alleged FCRA liability are also unavailing. Though Plaintiff argues in his Response—for the first time—that the account at issue was not his, critically missing from his Complaint (and Response) are any

6

allegations regarding the nature of the dispute that was communicated to the credit

reporting agencies and ultimately to Defendants. His failure to articulate the nature of his

dispute (and that it was actually communicated to Defendants by the CRAs) renders his

FCRA claim deficient. *See Levine v. Citibank*, No. 07 CV 2032, 2008 WL 220282, at *3 (S.D.

Cal. Jan. 24, 2008) (dismissing FCRA claim "[b]ecause Plaintiff's vague allegations do not

cite any provision of the FCRA which Defendant allegedly violated, and also do not allege

any conduct by Defendant which allegedly violated the FCRA"); *see also Snyder v. HSBC*

*Bank, USA, N.A.*, No. CV-12-0016-PHX-LOA, 2012 WL 6698088, at *20 (D. Ariz. Dec. 26,

2012) (dismissing FCRA claim where plaintiff "alleges only conclusions, failing to describe

with particularity the 'false and misleading information' or other information Defendants

purportedly provided CRAs about Plaintiff that Defendants knew was inaccurate. There is

no allegation regarding malice, much less sufficient factual detail to raise a plausible claim

of maliciousness."). Of course, failure to allege the specific dispute communicated (or even

the nature of the dispute itself) is fatal to Plaintiff's claim as liability for any unreasonable

investigation would be directly tied to the dispute information provided by the credit

reporting agency in the first instance. *See Westra v. Credit Control of Pinellas*, 409 F.3d 825,

827 (7th Cir. 2005) (finding reasonable investigation in light of scant information it

received regarding the nature of plaintiff's dispute). For this reason as well, Plaintiff's

Complaint should be dismissed.

## CONCLUSION

WHEREFORE, Defendants, Encore Capital Group, Inc., Midland Funding, LLC, and

Midland Credit Management, Inc. request that this Court enter an order dismissing

Plaintiff's Second Amended Complaint and any other relief the Court deems just and

appropriate.

 

            Respectfully submitted,

            ENCORE CAPITAL GROUP INC.
            MIDLAND FUNDING LLC
            MIDLAND CREDIT MANAGEMENT INC.

     By:  /s Raechelle Delarmente Norman
            One of their Attorneys

Anna-Katrina S. Christakis
Raechelle Delarmente Norman
Pilgrim Christakis LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Ph. (312) 939-0953
Fax (312) 939-0983

8

## CERTIFICATE OF SERVICE

Raechelle Delarmente Norman, an attorney, certifies that on March 25, 2013, she served a copy of **Defendants' Reply in Support of their Motion to Dismiss Plaintiff's Second Amended Complaint**, via First Class Mail, proper postage prepaid, on the individual listed below, by depositing it in the U.S. mail at 53 West Jackson Boulevard, Chicago, Illinois, 60604.

Christopher J. Smith
6061 W. Leon Terrace
Milwaukee, Wisconsin 53218

/s/ Raechelle Delarmente Norman