

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Christopher J. Smith,

Plaintiff,

v.

Encore Capital Group, Inc.,
Midland Funding, LLC,
Midland Credit Management, Inc.

Defendants.

Case No. 12 cv 00859-CNC

Judge Charles N. Clevert, Jr.

## PLAINTIFF'S REPORT OF PARTIES' PLANNING MEETING PURSUANT TO RULE 26(f)

The counsel and parties identified below participated in the meeting required by Federal Rules of Civil Procedure 26(f) via telephone and email on and after October 30, 2013. The parties are not able to arrive at a complete agreement regarding the terms of a joint report. Pursuant to this Court's Notice of Scheduling Conference dated September 24, 2013 [Dkt. #27], which governs this report, Plaintiff prepared the following separate report.

The Rule 16 scheduling conference in this matter is scheduled to occur on December 11, 2013 at 3:00 p.m. CST before Judge Charles N. Clevert, Jr., in Courtroom 222, 517 E. Wisconsin Avenue, Milwaukee, WI 53202.

Plaintiff will appear in person on the date and time. Counsel for the Defendant will request to appear telephonically.

    I.    **RULE 26(f) REQUIREMENTS**

        A.    **Rule 26(f)(3)(A) - What Changes Should Be Made in the Timing, Form, or**

**Requirement for Disclosures Under Rule 26(A), Including a Statement of When Initial Disclosures Were Made or Will Be Made.**

The parties propose no changes to the timing, form or requirements for disclosure under Rule 26(a). Plaintiff served his initial disclosures on Defendants' counsel on November 7, 2013. Defendants served their initial disclosures on Plaintiff on November 26, 2013.

B. **Rule 26(f)(3)(B) - The Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused on Particular Issues.**

Both parties will conduct discovery on the subject of Plaintiff's credit report, alleged underlying debt, Defendant's efforts to collect alleged debt, documentation that was received regarding Plaintiff's credit report dispute, and the procedures that were used to reinvestigate that dispute information.

Defendant anticipates deposing Plaintiff and any other individuals disclosed in his Rule 26(a) disclosures. Defendant will also seek discovery as it pertains to any alleged damages.

Pro se Plaintiff proposes discovery will be completed by June 1, 2014 due to insufficient legal training. Defendant proposes discovery will be completed by May 1, 2014. The parties do not propose conducting discovery in phases or limiting discovery to particular issues.

C. **Rule 26(f)(3)(C) – Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced.**

The parties do not anticipate any issues concerning disclosure or discovery of electronically stored information.

D. **Rule 26(f)(3)(D) - Any Issues About Claims of Privilege or of Protection as**

**Trial-Preparation Materials, Including—if the Parties Agree on a Procedure to Assert These Claims After Production—Whether to Ask the Court to Include Their Agreement in an Order.**

The parties do not anticipate any particular, non-standard issues with respect to claims of privilege that may be asserted in this action. The parties will submit a protective order for the court's review by separate motion as necessary.

E. **Rule 26(f)(3)(E) - What Changes Should Be Made in the Limitations on Discovery Imposed Under These Rules or By Local Rule, and What Other Limitations Should Be Imposed.**

The parties do not anticipate any particular, non-standard issues that may require modifying or limiting the federal or local discovery rules.

F. **Rule 26(f)(3)(F) – Any Other Orders That the Court Should Issue Under Rule 26(C) Or Under Rule 16(b) and (c).**

The parties do not propose that the Court issue any additional orders regarding protective orders under Rule 26(c), scheduling orders under Rule 16(b), or requirements for the pretrial conference under Rule 16(c) other than those contemplated herein.

## II. LOCAL RULE REQUIREMENTS

Pursuant to L.R. 26 governing the conference of parties and this report, the parties state the following:

### Electronically stored information [L.R. 26(a)]

The parties do not currently anticipate the production of electronically stored information.

3

### III. ADDITIONAL LOCAL RULE REQUIREMENTS

Pursuant to this Court's Notice of Scheduling Conference dated September 24, 2013 [Dkt. # 27], which governs this report, the parties state the following:

#### A. Brief statement of the nature of the case;

Plaintiff seeks damages from Defendants for alleged violations of the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA"). Specifically, Plaintiff alleges that Midland Funding, LLC violated the FCRA when it allegedly furnished inaccurate information to certain credit bureaus after allegedly failing to conduct a reasonable investigation of Plaintiff's notices of dispute.

#### B. Whether the pleadings will be amended;

Plaintiff expects to amend his pleadings upon discovery of the exact number of instances of the alleged failure to reinvestigate are identified.

#### C. Whether parties will be joined;

The parties do not currently anticipate the joinder of any additional parties to this action.

#### D. Motions contemplated;

Defendants anticipate moving for summary judgment at the conclusion of discovery. Plaintiff anticipates moving for leave to amend the Second Amended Complaint at the conclusion of discovery.

#### E. The estimated trial length;

The parties anticipate that a trial will take one to two days to complete.

#### F. Whether a jury trial is requested;

Plaintiff requests a jury trial.

#### G. Whether the parties consent to mediation;

Plaintiff does not consent to mediation. Defendants consent to mediation provided that their designated representative(s) be permitted to participate in any such mediation telephonically.

### H. **Other matters that affect scheduling for final disposition;**

The parties are not aware of any other matters at this time that would affect scheduling for final disposition.

### I. **Statement of the Parties' Conferral with Respect to Each of the Above Matters.**

The parties have conferred telephonically and by e-mail with respect to each of the matters discussed above.

Dated: December 4, 2013　　　　　　　　Respectfully submitted,

*Christopher J. Smith*
Christopher J. Smith, Pro Se Plaintiff
6061 W. Leon Tr.
Milwaukee, WI 53218
ph. 414-312-1519
christopherjoseph100@yahoo.com